IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
ODESSA-MIDLAND DIVISION

| | | |
|---|---|---|
| ALEXANDER ABAD, ET AL., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | NO. 7:16-CV-00001-RAJ-DC |
| | § | |
| MAXUM PETROLEUM OPERATING | § | |
| COMPANY, and PILOT THOMAS | § | |
| LOGISTICS, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Defendants Maxum Petroleum Operating Company ("Maxum") and Pilot Thomas Logistics, LLC ("Pilot") (collectively "Defendants"), file this Response to Plaintiffs' Motion for Protective Order, stating as follows:

## I.   SUMMARY

Without attempting conference with Defendants, Plaintiffs filed an untimely and misleading Motion for Protective Order ("Motion") in which they attempt to reap the discovery benefits of a collective action although they chose not to file this suit as such. As a result, Plaintiffs' motion is procedurally defunct and lacking in the essential facts needed to establish entitlement to a protective order. Therefore, Defendants respectfully request that Plaintiffs' Motion for Protective Order be denied and depositions planned for the week of September 12, 2016, proceed as noticed.

## II.   ARGUMENT

### A.   Plaintiffs ignore Rule 26 and the Local Rules.

Plaintiffs' ignored Fed. R. Civ. P. 26 and the Local Rules when they failed to even attempt to confer with counsel for Defendants before filing the surprise Motion. Rule 26(c)(1)

requires a motion for protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Likewise, LR CV-7(i) states, "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." Had Plaintiffs conferred with Defendants' counsel, perhaps the filing of the motion could have been avoided, and Plaintiffs would not have unnecessarily wasted this Court's time.   Plaintiffs' Motion should be denied on this basis alone.

Moreover, Defendants are entitled to their attorneys' fees incurred in resisting Plaintiffs' Motion, and the Court cannot award Plaintiffs' fees, even if it grants the Motion.  Rule 37(a)(5), which is made applicable to motions for protective orders by Rule 26(c)(3), states that the Court cannot award attorneys' fees to a party who fails to confer before filing a motion for protective order.  On the other hand, if the Court denies Plaintiffs' Motion—as it should—the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(B).  Plaintiffs only avoid the mandatory award of attorneys' fees if the Court finds the Motion "was substantially justified or other circumstances make an award of expenses unjust."  *Id.*  Because Plaintiffs failed to confer regarding the motion, and Plaintiffs cite no exigent circumstances justifying that failure to confer, and the Motion fails on the merits and Plaintiffs were not substantially justified

in filing the Motion (as detailed below), the Court should deny Plaintiffs' Motion and grant Defendants their attorneys' fees incurred in resisting the Motion.[1]

### B.   Plaintiffs ignore the general rule that depositions should take place in the venue where suit is filed.

Plaintiffs should have to appear for depositions in the Midland-Odessa area because they chose to file suit in this Division.  "As a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought." *Williams v. Louisiana, et al.*, 2016 WL 2726933, at * 1 (M.D. La. May 6, 2016) (citations omitted); *Williams v. Sprint/United Mgmt. Co.*, 2006 U.S. Dist. LEXIS 44951, at * 10-11 (D. Kan. 2006) ("Since Plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."); *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) ("Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district.").

Plaintiffs filed this action as individual plaintiffs, not on a collective action basis as authorized by section 216(b) of the Fair Labor Standards Act ("FLSA"); therefore, the authority cited by Plaintiffs regarding discovery of those purportedly similarly situated as part of a collective action is not analogous.[2] Plaintiffs admit that each Plaintiff brought his or her case as an individual action,[3] and, therefore, Plaintiffs do not enjoy the discovery mechanisms applicable to collective action plaintiffs under section 216(b).  Thus, Plaintiffs are subject to deposition in

---

[1] Defendants request that the Court, upon finding that Defendants are entitled to attorneys' fees, issue a schedule for submission of such fees to the Court.  A proposed order is being filed with this Response.

[2] Simply put, Defendants do not agree with Plaintiffs' assertion that they are similarly situated under the FLSA. This issue is not before the Court at this time as Plaintiffs' presumably chose to proceed with their respective claims individually to avoid the process in place to determine if initial or second stage certification as an FLSA collective action is warranted.  That was their choice, but they should not be heard to claim the benefits of a collective action while avoiding the very requirements of 216(b).

[3] *See* Plaintiffs' Motion for Protective Order, D.E. 27, p.5 ("Plaintiffs are mindful that this case was brought as an individual action.").

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER – Page 3**

the forum each chose on filing (or joining) the instant action and the Court should deny Plaintiffs' Motion.

### C.     Plaintiffs fail to show extreme hardship.

To avoid appearing for depositions in the forum they chose or justify telephonic depositions, Plaintiffs must show extreme hardship.  Standing alone, required travel to attend a properly noticed deposition in a plaintiff's chosen forum does not establish extreme hardship: "[t]he ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship." *Birkland v. Courtyards Guest House, et al.*, 2011 WL 4738649, at * 2 (E.D. La. 2011) ("absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted"); *Caraway v. Chesapeake Exploration LLC*, 269 F.R.D. 627, 628 (E.D. Tex 2010). "When determining whether extreme hardship exists, courts consider the party's (1) age; (2) physical condition; (3) finances; (4) other factors that might result in extreme hardship." *Id.* at *3.

Nor is financial hardship, standing alone, enough to justify an alternative deposition arrangement. *Xavier v. Belfour USA Group, Inc.*, 2009 WL 3231547, at * 5 (E.D. La. 2009) (granting motions to compel plaintiffs to appear at their depositions and stating "[w]hile the Court sympathizes with plaintiffs and recognizes their claims of financial hardship, the Court… cannot ignore that plaintiffs voluntarily submitted themselves to the jurisdiction of this forum."). In one case, evidence of less than $100 in plaintiff's bank account, recent termination, and no medical insurance to pay for medically necessary surgery was not "sufficient evidence of extreme hardship" to warrant moving the location of plaintiff's deposition from the jurisdiction in which it was filed. *Birkland*, at * 3.

In this case, Plaintiffs have not come close to establishing extreme hardship.  Plaintiffs have provided this Court with no specific, concrete evidence sufficient to establish extreme hardship justifying depositions outside their chosen forum.  Rather, Plaintiffs provide only hypothetical distances from Plaintiffs' homes (from which Plaintiffs may or may not have to travel to attend a deposition on a particular day) and hypothetical airline ticket price ranges, without any connection to the hardship of any particular noticed Plaintiff or other hardship evidence to consider.[4]

And, although Plaintiffs seeks blanket relief for all Plaintiffs, they provide only a few examples of alleged travel distances and airfares.  Protective orders may only be issued when the moving party makes a showing of "good cause," FED. R. CIV. P. 26(c)(1), with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Birkland,* at * 3 (*citing In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)); *Caraway v. Chesapeake Exploration LLC*, 269 F.R.D. 627, 628 (E.D. Tex 2010) ("Plaintiffs have presented only conclusory statements regarding the burden and expense of travel and have not made any specific showing of hardship. Accordingly, Plaintiffs' Motion for Protective Order is DENIED.") (citing *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp*., 147 F.R.D. 125, 127 (N.D. Tex. 1992)).  Thus, the Court should deny Plaintiffs' Motion because it does not even attempt to meet the burden of proof required.

### C.    Defendants will proceed to depose Plaintiffs noticed for September 13-16.

Defendants have worked with Plaintiffs for at least two months to try and schedule

---

[4] Notably absent from Plaintiffs' Motion—along with a certificate of conference—is any acknowledgment of the parties' prior and recent discussions in which counsel agreed that, following an initial round of depositions of deponents (some chosen by Defendant and others chosen by Plaintiffs without regard to the deponents requested by Defendant) in Midland-Odessa, the parties would revisit the issue of when and where the next round of depositions would take place.  Defendants are certainly willing to consider special cases—for example the Plaintiff who allegedly resides in Thailand (which was unknown to Defendants before receipt of Plaintiffs' Motion)—but Plaintiffs should not be permitted to obtain a blanket protective order without conferring with Defendants and without making any showing of individualized extreme hardship.

depositions *by agreement* in Plaintiffs' chosen forum, Midland-Odessa.[5] Regardless, Plaintiffs continue to stall and/or otherwise delay discovery by suggesting substitutions to noticed deponents, instead of producing individual Plaintiffs, as requested and noticed by Defendants.[6] In an individual action, the claims of each Plaintiff stand alone and Plaintiffs do not have a right to choose among themselves who should be deposed. The discovery deadline in this case is January 16, 2017, and hundreds of Plaintiffs have yet to be deposed.  Thus, unless this Court orders otherwise, to avoid further delay, Defendants will proceed with all depositions noticed the week of September 12, 2016 in Midland-Odessa, and will pursue a motion to dismiss any Plaintiff that chooses not to appear in his or her chosen forum, as noticed.

### III.   PRAYER

Because Plaintiffs failed to confer as required by the Federal Rules of Civil Procedure and the Local Rules, and no particular Plaintiff has shown extreme hardship or other good cause to justify the Court's entry of a protective order, Plaintiffs' Motion should be denied. Furthermore, because Plaintiffs' Motion was not substantially justified, after notice to Plaintiffs and an opportunity to provide evidence of Defendants' attorneys' fees, the Court should award Defendants' such fees pursuant to Rules 26 and 37.

---

[5] Defendants have no desire to waste the Court's time with voluminous email chains showing that Defendants and Plaintiffs had—until the surprise filing of the Motion by Plaintiffs—worked together to arrange for written discovery responses and to schedule depositions.  Indeed, Plaintiffs chose most of the deponents Defendants deposed in Midland-Odessa the week of August 29, 2016, and set the schedule for such depositions with little regard to those requested by Defendant for deposition.   Defendants have allowed Plaintiffs multiple extensions on Plaintiffs' written discovery responses and allowed Plaintiffs to schedule depositions within a given date range to accommodate Plaintiffs' work schedules.   However, as Defendants' counsel has repeatedly advised Plaintiffs' counsel, Defendants are entitled to depose each and every Plaintiff, and, Defendants' counsel is entitled to expect Plaintiffs to appear for depositions and give sworn testimony regarding the claims they are making.  It is not Plaintiffs' prerogative to select who Defendants will depose.  Fair and ample notice of all Plaintiffs' depositions has been given.  If Plaintiffs are too busy or they live too far away to appear for their depositions, then they should not be part of this lawsuit.
[6] Notably, four of the depositions set for the week of September 12 are deponents identified by Plaintiffs' counsel as available and were noticed at the times Plaintiffs requested.  This fact, noticeably, was not mentioned in Plaintiffs' Motion and the email chains attached to Plaintiffs' motion were manipulated to disguise this fact.

Dated:  September 9, 2016                      Respectfully submitted,


                                               */s/ Kevin S. Mullen*
                                               Kevin S. Mullen
                                               Texas Bar No. 24032892
                                               kmullen@littler.com
                                               Allison E. Moore
                                               Texas Bar No. 24077616
                                               amoore@littler.com

                                               **LITTLER MENDELSON, PC**
                                               100 Congress Ave., Suite 2000
                                               Austin, Texas 78701
                                               512-982-7250 (telephone)
                                               512-982-7248 (facsimile)


                                               **ATTORNEYS FOR DEFENDANTS
                                               MAXUM PETROLEUM OPERATING
                                               COMPANY AND PILOT THOMAS
                                               LOGISTICS, LLC**

                                               and


                                               */s/ Jacqueline E. Kalk*
                                               Jacqueline E. Kalk (admitted pro hac vice)
                                               John H. Lassetter (admitted pro hac vice)
                                               Littler Mendelson, P.C.
                                               A Professional Corporation
                                               1300 IDS Center
                                               80 South 8th Street
                                               Minneapolis, MN  55402.2136
                                               612.630.1000
                                               612.630.9626 (Fax)
                                               jkalk@littler.com
                                               jlasssetter@littler.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2016, I electronically filed this document with the clerk of court for the U.S. District Court, Western District of Texas, using the Electronic Case Filing System.  The Electronic Case Filing System sent a "Notice of Electronic Filing" to the Plaintiffs' counsel of record, who has consented in writing to accept service of this document by electronic means.

*/s/ Kevin S. Mullen*
Kevin S. Mullen